McBRIDE, Judge.
Plaintiff alleges defendant is indebted unto it for $732.60 for the manufacturing of and delivery to defendant of 220 thousand transfer decals as per the written order dated May 17, 1952 signed by Neuman, defendant’s representative. Defendant rejected the decals and returned the shipment to plaintiff for the assigned reason they did not conform to his order, and the suit is defended on the same ground. Plaintiff has appealed from a judgment of nonsuit.
Defendant is the owner and operator of a novelty shop, and ordered the decals for the purpose of transferring the figures thereon to some items of merchandise which he handles. Such transfer is accomplished by dipping the decals in water for a few moments and then sliding off the design onto the object to which it is to be affixed. Plaintiff sells an edible confection called a praline and dispenses the same in a multicolored cardboard box which heralds the pralines to be “Plantation Flavor * * * From 'Old New Orleans.” On the cardboard box, along with other pictures, appears a pleasant brown-skinned mammy with black eyes and red lips, wearing a bandana handkerchief as a headdress.
Pearson, plaintiff’s salesman, states that before he took the order, he furnished a sketch of the decal defendant desired which sketch he declares Neuman approved. Neu-man’s signature does appear on a slip of paper clipped to the sketch beneath the words “this sketch is approved as is.”
It is true the sketch Pearson produced had been submitted to defendant and had remained in his establishment for a period of two or three weeks. However, Neuman disavows his alleged approval and declares that he not only did not approve that sketch, but he had never seen it before. Defend *646 ant’s wife acknowledges that the sketch had been submitted by Pearson, but she has no knowledge of anyone haying approved it. The import of Neuman’s testimony is he approved another sketch, the correct one, which had been drawn and handpainted by an artist. If this be true, then a different sketch has been substituted, perhaps through inadvertence, and clipped to the paper containing Neuman’s signature.
In Pearson’s handwriting on the order appear such words “as plug attached” and “small size as sketch except lips to be red same as lips on plug attached.” The parties are in sharp disagreement as to what constituted the “plug.” Pearson’s explanation seems to be very vague and does not inform us clearly as to what was meant. Neuman explained that the plug was nothing more than a cutout of the mammy on the praline box, and that the decals were to be the same as the head on the mammy figure. He says such a cutout was given to Pearson as the “plug.”
At this point we state that the decals depict a Negroid head entirely dissimilar to the head of the figure on the cardboard box. The decal figure appears more like an African savage than a plantation mammy.
Whatever the plug was, it was never produced to the court by plaintiff, although called for by defendant, and it is conceded that production is impossible because the plug has been lost. We believe if this article had been produced in court, the question of which party is right could easily have been ascertained.
The trial court saw and heard the witnesses testify and was able to determine the question of veracity far better than we can, and he resolved the factual issue in defendant’s favor. We find no manifest error in such conclusion. We agree with the trial judge the nonproduction of the plug would tip the scales in defendant’s favor.
The judgment is affirmed.
Affirmed.